# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHON EPPERSON,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH EMBASSY, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-01432-DAD-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

On October 17, 2018, Plaintiff, Chris Jonathon Epperson, appearing *pro se* and *in forma pauperis*, commenced this action alleging claims against the British Embassy, the Foreign Commonwealth Office, the Ministry of Foreign Affairs of Russia, James Wilson, Charles Pinckney, Pierce Butler, and Geoffrey Binney. (ECF No. 1.) The Court has screened the Complaint and determined that Plaintiff has failed to state any cognizable claim.

**I. LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II. DISCUSSION**

The Court has reviewed the Complaint and finds that the Complaint fails to state any cognizable claim for relief.

**A. Federal Rule of Civil Procedure 8**

The Court finds that the Complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). The allegations in the Complaint are vague and ambiguous, making it difficult for the Court to determine what, if any,

2

cognizable claims are included in the Complaint. Although the Federal Rules employ a flexible pleading policy, the Plaintiff must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. It is the duty of Plaintiff to articulate his claim, not the Court or the defendants to try to decipher what claims Plaintiff is asserting in the action.

In the caption of the Complaint and where Plaintiff provides a list of the defendants, Plaintiff names the British Embassy in Washington, D.C., the Foreign Commonwealth Office in London, United Kingdom, and the Ministry of Foreign Affairs of Russia. (ECF No. 1 at 1-3.) However, in the section of the Complaint that addresses jurisdiction over the action, Plaintiff does not list the British Embassy, the Foreign Commonwealth Office, and the Ministry of Foreign Affairs of Russia, and instead lists James Wilson, Charles Pinckney, Pierce Butler, and Geoffrey Binney. (ECF No. 1 at 4.)

The Complaint cites, as a basis for jurisdiction, both diversity and federal question jurisdiction. As to the basis for federal question jurisdiction, the Complaint cites 18 U.S.C. §§ 2331, 3117, and 1030(a)(5). These sections of the U.S. Code relate to federal crimes; they do not provide a basis for the exercise of jurisdiction over a civil case.

As to the "Statement of Claim," the Complaint states the following:

> An Act of Congress that violates the Constitution may be declared unconstitutional by the Courts. The judicial declaration of an Acts unconstitutionality does not remove the law from the statute books; rather, it prevents the law from being enforced. 86th Congress July 12, 1960.

(ECF No. 1 at 5.) This statement of the claim does not list any conduct by any of the defendants, nor does it otherwise state a cognizable claim against any of the defendants.

As to the relief sought, the Complaint states the following:

> A trial on Papers 52(a)
> Congress must meet Federal deadlines to obtain documents. Sedition Act of 1798. Constitutional Order enacted Fugitive Slave Act of 1793. Declaration of 1938. Submit U.S. Supreme Court legislation bill of 1957 of Global Civil Rights Foreign Policy Ukraine-Indonesia-France-Germany-Bermuda-China House of Assembly (Australia).

(ECF No. 1 at 6.) This statement of the relief sought does not indicate what Plaintiff is seeking as a remedy through this civil action.

Finally, the civil cover sheet completed by Plaintiff indicates that the cause of action is brought under "U.S.C. 106a" and describes the cause of action as "Enievident Tampeeron Discreet." (ECF No. 1-1.) It is not clear what is meant by the phrase "Enievident Tampeeron Discreet." The reference to "U.S.C. 106a" may be referring to 1 U.S.C. § 106A, which relates to the promulgation of laws. It is not clear from the Complaint if Plaintiff is attempting to bring some sort of claim relating to an alleged violation of the Constitution, or perhaps an argument that an amendment to the Constitution was not valid.

Taken as a whole, the Court cannot determine what, if any, cognizable claims Plaintiff is attempting to bring in the Complaint. Plaintiff must state the facts of the alleged conduct which purportedly caused harm. Plaintiff must allege the who, what, when, where, and why of his claim against the defendants. Plaintiff's vague list of terms and lack of any factual detail violates Rule 8 of the Federal Rules of Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991). Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). The Complaint is not "short and plain" or "simple, concise, and direct," as required by Rules 8(a)(2) and 8(d)(1). It is impossible for the Court to assess Plaintiff's claims because the Complaint lacks details explaining what occurred and how defendants may be responsible. The Court simply cannot determine whether Plaintiff states a possible claim.

As Plaintiff has violated Federal Rule of Civil Procedure 8(a) by not providing a plain statement showing that he is entitled to relief, the Court finds that the Complaint should be dismissed. However, the Court will grant Plaintiff leave to amend his complaint so that he can include additional factual allegations and make a clear statement. If Plaintiff chooses to amend his complaint, he must allege facts and a cause of action that outlines his claims. Simply listing the parties and providing unclear recitations of seemingly random terms and statutory provisions is not sufficient. Plaintiff must explain his case with specificity. As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*.

### B. The Foreign Sovereign Immunities Act

As noted above, the defendants named in the Complaint include the British Embassy in Washington D.C., the Foreign Commonwealth Office located in London, United Kingdom, and the Ministry of Foreign Affairs of Russia. (ECF No. 1.) It is unclear from the information contained in the Complaint whether any of these foreign entities would be subject to the Court's jurisdiction in this matter.

The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Under the FSIA, foreign states generally have immunity from the jurisdiction of United States courts, subject to certain enumerated exceptions. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488–89 (1983) (citing 28 U.S.C. §§ 1604, 1605, 1607). Such exceptions include, but are not limited to, circumstances where the foreign state has explicitly or impliedly waived its immunity, and actions based upon commercial activities of the foreign state carried on in the United States or causing a direct effect in the United States. *Id*. (citing 28 U.S.C. § 1605(a)(1), (2)). When one of these or another statutory exception applies, "the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id*. (quoting 28 U.S.C. § 1606).

Without more information clarifying any potential claims against these three state entities, it is not clear whether one of the specific exceptions to foreign sovereign immunity would allow for the Complaint to move forward as to the state entity defendants.

### C. Plaintiff Cannot Maintain a Class Action

The civil cover sheet completed by Plaintiff indicates that the Complaint is a class action under Federal Rule of Civil Procedure 23. (ECF No. 1-1.) Plaintiff cannot bring a class action.

5

*Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties) (citing *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 80 (1978)). Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because Plaintiff, as a pro se litigant, was not able to act as an adequate class representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others)).

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). It does not appear from the face of the complaint that a statutory exception to this rule permitting Plaintiff to prosecute an action on behalf of others is present. *See id.* at 664 n.6. Plaintiff's privilege to appear in propria persona is a "privilege [that] is personal to him [and] [h]e has no authority to appear as an attorney for others than himself." *McShane v. United States*, 366 F.2d at 288.

Therefore, unless Plaintiff can provide facts demonstrating that he is statutorily authorized to pursue a claim on behalf of a class, Plaintiff must amend his complaint to proceed as an individual litigant.

### III.    CONCLUSION AND ORDER

The Court finds that the Complaint fails to state any cognizable claim upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty (30) days, if he chooses to do so.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding unrelated claims. *See George v.*

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, *see* Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently plead. Plaintiff should also set forth sufficient facts to establish that the Court has subject matter jurisdiction over his claims in accordance with 28 U.S.C. § 1332 or any other law. The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number.

Plaintiff may also choose to stand on the Complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff may file a First Amended Complaint, curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01432-DAD-EPG;

3. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on the Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

\\\
\\\
\\\
\\\
\\\

7

4. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on the Complaint within thirty (30) days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 8, 2019**　　　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE