UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHON EPPERSON,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH EMBASSY, et al.,<br><br>Defendants. | Case No. 1:18-cv-01432-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 4)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

On October 17, 2018, Plaintiff, Chris Jonathon Epperson, appearing *pro se* and *in forma pauperis*, commenced this action by filing a complaint ("the Complaint") alleging claims against the British Embassy, the Foreign Commonwealth Office, the Ministry of Foreign Affairs of Russia, James Wilson, Charles Pinckney, Pierce Butler, and Geoffrey Binney. (ECF No. 1.) The Court screened the Complaint and found it fails to state any cognizable claim. (ECF No. 4.) The Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that he wishes to stand on the Complaint, subject to findings and recommendations to the district judge consistent with the screening order. (*Id.*) The Court also warned Plaintiff that failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint could result in the dismissal of this case. (*Id.* at 8.) The thirty-day period has expired, and Plaintiff has not filed an amended complaint or notified the Court that he wishes to

1

stand on the Complaint.

For the reasons described below, the Court recommends that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim upon which relief may be granted, failure to comply with a court order, and failure to prosecute.

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## I. LEGAL STANDARDS

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's

favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. ANALYSIS OF PLAINTIFF'S COMPLAINT

The Court has reviewed the Complaint and finds that the Complaint fails to state any cognizable claim for relief.

### A. Federal Rule of Civil Procedure 8

The Court finds that the Complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). The allegations in the Complaint are vague and ambiguous, making it difficult for the Court to determine what, if any, cognizable claims are included in the Complaint. Although the Federal Rules employ a flexible pleading policy, the Plaintiff must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. It is the duty of Plaintiff to articulate his claim, not the Court or the defendants to try to decipher what claims Plaintiff is asserting in the action.

In the caption of the Complaint and where Plaintiff provides a list of the defendants, Plaintiff names the British Embassy in Washington, D.C., the Foreign Commonwealth Office in London, United Kingdom, and the Ministry of Foreign Affairs of Russia. (ECF No. 1 at 1-3.) However, in the section of the Complaint that addresses jurisdiction over the action, Plaintiff does not list the British Embassy, the Foreign Commonwealth Office, and the Ministry of Foreign Affairs of Russia, and instead lists James Wilson, Charles Pinckney, Pierce Butler, and Geoffrey Binney. (ECF No. 1 at 4.)

The Complaint cites, as a basis for jurisdiction, both diversity and federal question jurisdiction. As to the basis for federal question jurisdiction, the Complaint cites 18 U.S.C. §§ 2331, 3117, and 1030(a)(5). These sections of the U.S. Code relate to federal crimes; they do not provide a basis for the exercise of jurisdiction over a civil case.

\\\

As to the "Statement of Claim," the Complaint states the following:

> An Act of Congress that violates the Constitution may be declared unconstitutional by the Courts. The judicial declaration of an Acts unconstitutionality does not remove the law from the statute books; rather, it prevents the law from being enforced. 86th Congress July 12, 1960.

(ECF No. 1 at 5.) This statement of the claim does not list any conduct by any of the defendants, nor does it otherwise state a cognizable claim against any of the defendants.

As to the relief sought, the Complaint states the following:

> A trial on Papers 52(a)
> Congress must meet Federal deadlines to obtain documents. Sedition Act of 1798. Constitutional Order enacted Fugitive Slave Act of 1793. Declaration of 1938. Submit U.S. Supreme Court legislation bill of 1957 of Global Civil Rights Foreign Policy Ukraine-Indonesia-France-Germany-Bermuda-China House of Assembly (Australia).

(ECF No. 1 at 6.) This statement of the relief sought does not indicate what Plaintiff is seeking as a remedy through this civil action.

Finally, the civil cover sheet completed by Plaintiff indicates that the cause of action is brought under "U.S.C. 106a" and describes the cause of action as "Enievident Tampeeron Discreet." (ECF No. 1-1.) It is not clear what is meant by the phrase "Enievident Tampeeron Discreet." The reference to "U.S.C. 106a" may be referring to 1 U.S.C. § 106A, which relates to the promulgation of laws. It is not clear from the Complaint if Plaintiff is attempting to bring some sort of claim relating to an alleged violation of the Constitution, or perhaps an argument that an amendment to the Constitution was not valid.

Taken as a whole, the Court cannot determine what, if any, cognizable claims Plaintiff is attempting to bring in the Complaint. Plaintiff must state the facts of the alleged conduct which purportedly caused harm. Plaintiff must allege the who, what, when, where, and why of his claim against the defendants. Plaintiff's vague list of terms and lack of any factual detail violates Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991). Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). The Complaint is not "short and plain" or "simple, concise, and direct," as

required by Rules 8(a)(2) and 8(d)(1). It is impossible for the Court to assess Plaintiff's claims because the Complaint lacks details explaining what occurred and how defendants may be responsible. The Court simply cannot determine whether Plaintiff states a possible claim.

As Plaintiff has violated Federal Rule of Civil Procedure 8(a) by not providing a plain statement showing that he is entitled to relief, the Court finds that the Complaint should be dismissed.

### B. The Foreign Sovereign Immunities Act

As noted above, the defendants named in the Complaint include the British Embassy in Washington D.C., the Foreign Commonwealth Office located in London, United Kingdom, and the Ministry of Foreign Affairs of Russia. (ECF No. 1.) It is unclear from the information contained in the Complaint whether any of these foreign entities would be subject to the Court's jurisdiction in this matter.

The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Under the FSIA, foreign states generally have immunity from the jurisdiction of United States courts, subject to certain enumerated exceptions. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488–89 (1983) (citing 28 U.S.C. §§ 1604, 1605, 1607). Such exceptions include, but are not limited to, circumstances where the foreign state has explicitly or impliedly waived its immunity, and actions based upon commercial activities of the foreign state carried on in the United States or causing a direct effect in the United States. *Id.* (citing 28 U.S.C. § 1605(a)(1), (2)). When one of these or another statutory exception applies, "the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id.* (quoting 28 U.S.C. § 1606).

Without more information clarifying any potential claims against these three foreign state entities, it is not clear whether one of the specific exceptions to foreign sovereign immunity would allow for the Complaint to move forward as to the foreign state entity

defendants. Accordingly, the Complaint fails to state a cognizable claim against the foreign state entity defendants.

### C. Plaintiff Cannot Maintain a Class Action

The civil cover sheet completed by Plaintiff indicates that the Complaint is a class action under Federal Rule of Civil Procedure 23. (ECF No. 1-1.) Plaintiff cannot bring a class action. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties) (citing *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 80 (1978)). Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because Plaintiff, as a pro se litigant, was not able to act as an adequate class representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others)).

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). It does not appear from the face of the Complaint that a statutory exception to this general rule is present. *See id.* at 664 n.6. Plaintiff's privilege to appear in propria persona is a "privilege [that] is personal to him [and he] has no authority to appear as an attorney for others than himself." *McShane*, 366 F.2d at 288.

Plaintiff has not alleged facts demonstrating that he is statutorily authorized to pursue a claim on behalf of a class. Accordingly, Plaintiff cannot maintain a class action.

### III. FAILURE TO PROSECUTE AND TO COMPLY WITH A COURT ORDER

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d

639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. The Court found that the Complaint fails to state a claim and gave Plaintiff thirty days to file an amended complaint or notify the Court that he wished to stand on the Complaint. The thirty-day period has now passed, and the case is stalled due to Plaintiff's failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened the Complaint, and recommends finding that it fails to state a claim under the relevant legal standards. Furthermore, Plaintiff has failed to comply with the screening order, which directed him to file an amended complaint or notify the Court that he wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Accordingly, the Court RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be

granted, as well as Plaintiff's failure to comply with a Court order and failure to prosecute; and

    2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citation omitted).

IT IS SO ORDERED.

Dated: **February 15, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE